THE STATE OF KANSAS v. ANDREW J. FRANCIS.

No. 12,783.   ( 68 Pac. 66.)

SYLLABUS BY THE COURT.

HOMICIDE—*Argument to Jury—Instruction Improperly Refused.*   When on a trial for homicide, the defense to which is self-defense, it develops that the deceased suspected his wife and the defendant of criminal intimacy with each other, and had given public expression to such suspicion, but there is no evidence to show its truthfulness, and when counsel for the state, in argument to the jury, comment on the fact of the dead man's jealousy as though it might not be groundless, it is error for the court to

refuse the defendant's request for an instruction that no evidence tending to prove the truth of the suspicion had been introduced, and that its existence in the mind of the deceased should not be regarded as evidence of its truth, or considered or discussed in determining the case.

Appeal from Russell district court; LEE MONROE, judge. Opinion filed March 8, 1902. *In banc.* Reversed.

*A. A. Godard*, attorney-general, and *L. B. Beardsley*, county attorney, for The State.

*George W. Holland*, and *Waters & Waters*, for appellant.

The opinion of the court was delivered by

DOSTER, C. J. : This is an appeal from a conviction of manslaughter. The appellant shot and killed one Manley, during an altercation between them. The defense was self-defense. There was evidence tending to support it. Bad blood had existed between the two men for some time ; at least in Manley against the appellant. Manley suspected the appellant of improper intimacy with his wife. He frequently talked to his neighbors and acquaintances about it and made threats against appellant's life. The evidence did not bring anything to light tending to show truth in Manley's suspicions. All in relation to the matter that was developed on the trial was the expression of Manley's jealousy of feeling made by him in connection with his threats against appellant's life. The defendant requested the court to instruct the jury that no evidence tending to prove the truth of Manley's suspicions had been introduced ; that the existence of the suspicions in the mind of Manley should not be regarded as evidence of their truth, and that the subject of improper relations between the defendant and

the woman should not be considered or discussed. The court refused to instruct as asked.

It is matter of common observation that nothing will so prejudice a defendant on trial for homicide, and prevent the dispassionate consideration of any defense he may interpose, as the proof or even insinuation that he has been criminally intimate with the wife or near female relative of the other party to the affair. Let it appear in a case, though but remotely, inferentially, collaterally, by innuendo or suggestion, that such is the fact, and the natural prejudices become so aroused that the defendant henceforth cannot hope to stand in that fair light in which he should be viewed until his guilt has been entirely established. It is the duty of the court to give cautionary instructions, that the jury may not wander from the strict and necessary line of investigation and concern themselves with immaterial questions, or decide the case on collateral issues or incidental matters; that is, it is the duty of the court to do so when there is reasonable ground to apprehend that the jury may fall into an error against which it is highly desirable that they should be guarded. Save perhaps in exceptional cases, it is not to be apprehended that the attention of the jurors may be diverted from the meritorious issues of the case to matters not in evidence, and ordinarily the charge of the court defining the issues will be sufficient to give the jury to understand that their deliberations must be confined to the questions stated; and, as a rule, the failure to give a cautionary instruction, unless requested, would not be error. However, on a trial for homicide, in a matter so liable to divert the minds of the jurors from the proper subjects of investigation as the incidentally outcropping fact that the deceased entertained jealous suspicions of his wife and

the defendant, such an instruction should be given. It should have been given in this case, because the fact of the dead man's jealousy was commented on by counsel for the state in argument as though it might not have been groundless, and hence there might have been aroused the very prejudices against which the defendant sought to guard himself by the instruction asked. Objections were made to this character of argument, and exceptions taken to the court's refusal to instruct the jury against its consideration, and thereupon the instruction first asked was again requested and again refused, to which exception was taken. Now, the fact that the deceased entertained suspicions and the fact that he gave expression to them appeared in evidence. It is by no means improbable that the jury took the expression of such suspicions as a character of evidence of their truthfulness, especially after the court refused to rule counsel to order for commenting on them.

Many other requests to instruct on other matters were made and overruled, and exceptions were taken to many of the instructions given. We have not deemed it necessary to consider them.

For the failure to instruct on the one matter as requested, the judgment is reversed and a new trial ordered.

CUNNINGHAM, GREENE, POLLOCK, JJ., concurring.

SMITH, J. (dissenting) : The majority of the court give as a sole reason for reversal that the trial court erred in refusing to instruct the jury that Manley, the deceased, had no ground to suspect that the accused was guilty of criminal intimacy with his wife. If proof of such criminal intimacy depended on what was shown concerning it by the state alone, the posi-

tion of the majority is sustained by the record. The defendant, however, went upon the witness-stand in his own behalf and testified in direct examination as follows :

"Ques. Did you ever have any improper relations in your life with Cyrus C. Manley's wife? Ans. No, sir.

"Q. Did you ever make her any indecent proposals or show her any improper attention? A. No, sir; never in my life."

After making these positive statements, what rule of practice can be cited which would deny counsel for the state the right to comment on their truthfulness? The jury are the sole judges of the veracity of witnesses. The purpose the defendant had in denying intimacy with Manley's wife was to convince the jury that what he said relative thereto was true. The majority opinion in effect holds that it was the duty of the court below to instruct the jury that the denials of Francis were entitled to absolute verity and that his credibility was not subject to investigation or doubt. When the defendant testified in his own behalf that he never had improper relations with Manley's wife and had never made to her any indecent proposals, I think such statements went to the jury, to be considered and weighed as other testimony in the case, subject to be believed or discredited. If the truthfulness of the defendant's denials was a proper matter to be considered by the jury, then counsel had the right to comment on them in the argument, and the deductions to be drawn therefrom. The position taken by the majority destroys, in my judgment, the settled rule that the jury are the sole judges of the credibility of the witnesses and the weight to be given to their testimony.

Justices JOHNSTON and ELLIS, join in this dissent.